IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> MELVIN JOSEPH LAST STAR, <br><br> Defendant. | CR-02-57-GF-BMM-01 <br><br> **FINDINGS AND RECOMMENDATIONS TO MODIFY DEFENDANT'S CONDITIONS OF SUPERVISED RELEASE** |

### I. Synopsis

Mr. Last Star was accused of violating his conditions of supervised release by being committing another crime. Doc. 79. He admitted to the violation. The Court should not impose a term of custody and should order Mr. Last Star to continue on his term of supervised release. The Court should modify the special conditions of Mr. Last Star's supervised release to include a condition imposing a 90-day period of electronic monitoring.

### II. Status

In September 2002, Mr. Last Star pleaded guilty to the crime of Aggravated Sexual Abuse. Doc. 19. He was sentenced to 121 months of incarceration, followed by 60 months of supervised release. Doc. 35. Mr. Last Star's period of supervised release began on July 19, 2011. On December 20, 2012, Mr. Last

Star's supervised release was revoked because he was in possession of sexually oriented material. Mr. Last Star was sentenced to nine months of incarceration, followed by 51 months of supervised release. Doc. 79. On January 9, 2014, the United States Court of Appeals for the Ninth Circuit reversed and remanded the revocation of supervised release. *U.S. v. Star*, 552 Fed.Appx. 635 (9th Cir. 2014). On May 8, 2014, the Court issued a second amended judgment in accordance with the Ninth Circuit's opinion. Doc. 76.

Mr. Last Star's current term of supervised release began on August 8, 2013. Doc. 79.

**Petition**

The United States Probation Office filed a petition asking the Court to revoke Mr. Last Star's supervised release on February 24, 2015. In the petition, the Probation Office accused Mr. Last Star of violating the Preamble to the Standard Conditions of his supervised release by committing another federal, state, or local crime. Specifically, the petition alleged Mr. Last Star had given 27 prescription pills to his sister. Doc. 79. Based on the petition, United States District Judge Brian Morris issued a warrant for Mr. Last Star's arrest. Doc. 80.

**Initial appearance**

Mr. Last Star appeared before the undersigned on February 25, 2015, in Great Falls, Montana. Federal Defender David Ness accompanied him at the initial

appearance.  Assistant United States Attorney Ryan Weldon represented the United States.

Mr. Last Star said he had read the petition and understood the allegations.  He did not contest the alleged violation.  Mr. Last Star waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

On February 25, 2015, Mr. Last Star appeared at the revocation hearing with Mr. Ness.  Assistant United States Attorney Ryan Weldon appeared on behalf of the United States.

Mr. Last Star admitted that he violated the terms of his supervised release.  The Court found that the violation was serious.

Mr. Last Star's violation grade is Grade A, his criminal history category is I, and his underlying offense is a Class A felony.  He could be incarcerated for up to 60 months.  He could be ordered to remain on supervised release for 33 months, less any custodial time imposed.  The United States Sentencing Guidelines call for 24 to 30 months in custody.

The parties advised the Court that it had the authority to modify the conditions of Mr. Last Star's supervised release instead of revoking the conditions and imposing a sentence of incarceration.  Mr. Ness requested no term of

incarceration. He requested Mr. Last Star continue with his term of supervised release with electronic monitoring for two to three months. Mr. Weldon disagreed, recommending a sentence that included a term of incarceration. Mr. Last Star declined to address the Court.

### III. Analysis

A term of incarceration is not appropriate given the nature of the violation and Mr. Last Star's recent successes on supervised release. Mr. Last Star should be ordered to continue on his term of supervised release, and the conditions of supervised release should be modified to include the following condition:

> The offender shall be monitored by location monitoring technology at the discretion of the probation officer for a period of 90 days, and shall abide by all technology requirements. The participant shall pay all or part of the costs of participation in the location monitoring program as directed by the court and probation officer. This form of location monitoring technology shall be utilized to monitor the following restriction on the offender's movement in the community as well as other court-imposed conditions of release: You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved in writing by the probation officer.

### IV. Conclusion

Mr. Last Star was advised that the above sentence would be recommended to Judge Morris. The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained

that Judge Morris would consider Mr. Last Star's objection, if it is filed within the allotted time, before making a final determination on whether to revoke Mr. Last Star's supervised release and what, if any, sanction to impose.

The Court **FINDS:**

>Melvin Joseph Last Star violated the Preamble to Standard Conditions of his supervised release by committing another crime in November 2014.

The Court **RECOMMENDS:**

>The District Court should order Mr. Last Star to continue on his term of supervised release. The Court should modify Mr. Last Star's supervised release conditions to include the following condition:
>
>The offender shall be monitored by location monitoring technology at the discretion of the probation officer for a period of 90 days, and shall abide by all technology requirements. The participant shall pay all or part of the costs of participation in the location monitoring program as directed by the court and probation officer. This form of location monitoring technology shall be utilized to monitor the following restriction on the offender's movement in the community as well as other court-imposed conditions of release: You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved in writing by the probation officer.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND**

# RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 26th day of February, 2015.

John Johnston
United States Magistrate Judge