# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> MELVIN JOSEPH LAST STAR, <br><br> Defendant. | CR-02-57-GF-BMM <br><br> **ORDER ADOPTING FINDINGS AND RECOMMENDATIONS OF MAGISTRATE JUDGE** |

United States Magistrate Judge John Johnston entered Findings and Recommendations in this matter on February 26, 2015. (Doc. 84). Neither party filed objections. When a party makes no objections, the Court need not review *de novo* the proposed Findings and Recommendations. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1986). This Court will review Judge Johnston's Findings and Recommendations for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Last Star admitted to having violated the Preamble to his Standard Conditions of supervised release at the February 25, 2015, revocation hearing. Last Star's admission constitutes a Grade A violation. Last Star's criminal history category is I and Last Star's underlying offense is a Class A felony. The statutory

range is a maximum of 60 months in custody followed by a term of supervised release up to 33 months, less any custody time imposed. The guideline range is 24 to 30 months in custody and up to 33 months supervised release, less any custody time imposed.

Judge Johnston found that Last Star violated the Preamble to Standard Conditions of his supervised release by committing another crime in November of 2014. Judge Johnston concluded, however, that a term of incarceration is not appropriate in this case given the nature of the violation and Last Star's recent success on supervised release. Judge Johnston recommends that Last Star should be ordered to continue on supervised release and the conditions of Last Star's supervised release should be modified to include the following condition:

> The offender shall be monitored by location monitoring technology at the discretion of the probation officer for a period of 90 days, and shall abide by all technology requirements. The participant shall pay all or part of the costs of participation in the location monitoring program as directed by the court and probation officer. This form of location monitoring technology shall be utilized to monitor the following restriction on the offender's movement in the community as well as other court-imposed conditions of release: You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved in writing by the probation officer.

This Court finds no clear error in Judge Johnston's Findings and Recommendations and adopts them in full. Modifying Last Star's conditions of

supervised release to include a ninety-day term of home restriction and location monitoring are an appropriate disposition of this case in light of the circumstances underlying the violation and Last Star's recent achievements while on supervised release. The original terms of Last Star's supervised release remain in effect.

**IT IS HEREBY ORDERED**:

1. Judge Johnston's Findings and Recommendations (Doc. 84) is ADOPTED IN FULL and Judgment shall be entered accordingly.

2. Defendant's supervised release conditions are MODIFIED to state:

The offender shall be monitored by location monitoring technology at the discretion of the probation officer for a period of 90 days, and shall abide by all technology requirements. The participant shall pay all or part of the costs of participation in the location monitoring program as directed by the court and probation officer. This form of location monitoring technology shall be utilized to monitor the following restriction on the offender's movement in the community as well as other court-imposed conditions of release: You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved in writing by the probation officer.

DATED this 16th day of March, 2015.

---
Brian Morris
United States District Court Judge